UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN E. ALEXANDER,
Plaintiff,

v.

CDCR ADMINISTRATION,
Defendant.

Case No. 25-cv-03668-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A PETITION FOR WRIT OF HABEAS CORPUS**

Dkt. Nos. 6 and 7

This action cannot proceed as a civil rights action under 42 U.S.C. § 1983 but can possibly proceed as a habeas action under 28 U.S.C. § 2254. This Order explains why and what plaintiff Steven E. Alexander needs to do for this matter to go forward. His section 1983 complaint is DISMISSED without prejudice to his filing a habeas petition under section 2254 on or before **August 1, 2025**.

This action was filed as a civil rights action under 42 U.S.C. § 1983, which is the proper vehicle to challenge conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). But a review of the section 1983 complaint shows that Alexander is challenging his detention, which, he asserts, continues even though he has served his sentence. (Compl., Dkt. No. 1-1 at 2-3.) A section 1983 action cannot be used to obtain release from custody. Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (citation omitted); *Badea*, 931 F.2d at 574 (habeas corpus action proper mechanism for challenging "legality or duration" of confinement).

Nor can a section 1983 action be used to obtain damages for unlawful imprisonment unless the conviction or sentence that are the cause of the imprisonment "has been reversed

United States District Court
Northern District of California

on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Alexander's request for damages under section 1983 is therefore barred. Accordingly, this section 1983 action is dismissed without prejudice to Alexander filing a petition for writ of habeas corpus under section 2254.

I cannot simply consider the filed section 1983 complaint to be a habeas corpus petition because there is critical information missing. First, he must name the warden of his current prison as respondent.

Second, he states that in March 2025 he filed a habeas petition but he does not name the court in which he filed it. (Compl., Dkt. No. 1-1 at 4.) In his petition he must clarify where he filed his petition. If there is a parallel proceeding seeking habeas relief, any federal habeas action seeking the same relief likely must be dismissed as premature.

Third, he must make it clear whether he has exhausted his claims in state court. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." 28 U.S.C. § 2254(b)(1)(A)-(B). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Lundy*, 455 U.S. at 510.

Accordingly, the Clerk's Office will send a copy of a section 2254 petition form to Alexander. He should use that form to file his habeas petition, including the information described above in addition to the facts establishing the basis of his claim. **He must file the petition by August 1, 2025.**

Alexander's motion for a temporary restraining order directing his jailors to release him is DENIED as premature. (Dkt. No. 7.) It is far too early in this litigation to determine whether he is entitled to the relief he seeks. Furthermore, release cannot be granted under section 1983. Alexander's motion for counsel will be decided after he has filed a habeas petition.

Alexander's motion to file his complaint and application to proceed in forma pauperis (IFP) by regular mail rather than by email is GRANTED. (Dkt. No. 6.) The complaint that he filed by regular mail is reinstated as the operative pleading, and his IFP application is reinstated as well, but will be addressed in a separate order after August 1, 2025. (Dkt. No. 1 at 2-6.)

If Alexander does not file a 28 U.S.C. § 2254 habeas petition by **August 1, 2025**, I will dismiss this section 1983 action for failure to state a claim for relief.

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** June 13, 2025



WILLIAM H. ORRICK
United States District Judge