1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN E. ALEXANDER,

Petitioner,

v.

EDWARD BORLA,

Respondent.

Case No. 25-cv-03668-WHO (PR_

**ORDER TO SHOW CAUSE;**

**INSTRUCTIONS TO CLERK**

Dkt. Nos. 12 and 13

## INTRODUCTION

Petitioner Steven E. Alexander seeks federal habeas relief under 28 U.S.C. § 2254 from his California state sentence, which he contends he has served. His petition for relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states a cognizable due process claim. Accordingly, on or before **March 2, 2026**, respondent shall file an answer or a dispositive motion in response to the petition (Dkt. No. 11).

Habeas petitions under section 2254 nearly always should be adjudicated in the district of conviction, which, because Alexander was convicted in Los Angeles County, would be the Central District of California. *See* Habeas L.R. 2254-3(b)(1); *Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). However, an exception to this general rule arises here. Because Alexander challenges the execution of his sentence, the district of confinement (here, the Northern District) is the preferred forum. *See* Habeas L.R. 2254-3(b)(2); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). If respondent thinks that this habeas action should be transferred to the Central District of California, he shall file within 60 days from the date of this Order a motion requesting such a transfer.

The Clerk shall enter Edward Borla, the warden of the prison in which petitioner is housed, as the sole respondent in this action. Borla is the sole proper respondent because he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

The Clerk shall change the Cause of Action to 28:2254 Petition for Writ of Habeas Corpus (State). The Clerk also shall change the Nature of Suit to 530 Habeas Corpus (General).

## BACKGROUND

In 2012, a Los Angeles Superior Court jury convicted Alexander of first degree burglary with a person present (Cal. Penal Code § 459), battery on a peace officer with injury (§ 24(c)(2)), resisting an executive officer (§ 69), and second degree burglary (§ 459). *People v. Alexander*, No. B332031, 2025 WL 1671809, at *1 (Cal. Ct. App. Jun. 13, 2025). Alexander admitted at his sentencing hearing that he had a prior conviction for first degree burglary. *Id.* A sentence of 25 years and 4 months was imposed. *Id.*

"Thereafter, in 2023, a trial court reduced one count to a misdemeanor under Penal Code 1 section 1170.18 and struck the prison priors under section 1172.75. However, the trial court left intact an upper term sentence that had been originally imposed on a count for first degree burglary." *Id.* at *1. Alexander appealed on grounds that "the trial court erred by reimposing an upper term because section 1170 now makes the middle term the presumptive term in the absence of aggravating factors justifying the upper term that have been found true by the jury or stipulated to by the defendant." *Id.* The state appellate court rejected his contentions, but remanded the case to the trial court because "Alexander is entitled to a recalculation of his actual and conduct credits." *Id.*

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

United States District Court
Northern District of California

§ 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Alexander claims that he has served his sentence and is entitled to release.  (Pet., Dkt. No. 11 at 5.)  When liberally construed, this claim is cognizable on federal habeas review.

## MOTIONS

Alexander moves for the appointment of counsel.  (Dkt. No. 12.)  There is no right to counsel in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, under 18 U.S.C. § 3006A(a)(2)(B) a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present.  *See generally 1 J. Liebman & R. Hertz*, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).

There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice.  Across the United States in 2024, unrepresented prisoners filed nearly 8000 cases, roughly 16.25% of all new civil filings.  United States Courts for the Ninth Circuit, 2024 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications/AnnualReport2024.pdf.  The high percentage of civil litigants who cannot afford counsel threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands.  That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

United States District Court
Northern District of California

1    Alexander has not shown that there are exceptional circumstances warranting the

2    appointment of counsel.  He has articulated his claims clearly and the issues his petition

3    presents are not complex.  When the record is more fully developed, the Court will

4    consider on its own motion whether the appointment of counsel is warranted.

5    Alexander's motion for summary judgment is DENIED as unnecessary.  (Dkt. No.

6    13.)  This Order to Show Cause requires respondent to respond to his claims.  A motion for

7    summary judgment is unnecessary under these circumstances, and is not an appropriate

8    vehicle to use in habeas proceedings.

9                                        **CONCLUSION**

10    1.  The Clerk shall serve electronically a copy of this Order upon the respondent and

11    the respondent's attorney, the Attorney General of the State of California, at the following

12    email addresses:  SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov.  The

13    petition (Dkt. No. 11) and the exhibits thereto are available via the Electronic Case Filing

14    System for the Northern District of California.  The Clerk shall serve by mail a copy of this

15    Order on petitioner.

16    2.  On or before **March 2, 2026**, respondent shall file with the Court and serve on

17    petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section

18    2254 Cases, showing cause why a writ of habeas corpus should not be granted based on

19    petitioner's cognizable claims.  Respondent shall file with the answer and serve on

20    petitioner a copy of all portions of the state trial record that previously have been

21    transcribed and that are relevant to a determination of the issues presented by the petition.

22    3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse

23    with the Court and serving it on respondent's counsel within thirty (30) days of the date the

24    answer is filed.

25    4.  In lieu of an answer, respondent may file, on or before **March 2, 2026**, a motion

26    to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4

27    of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner

28    shall file with the Court and serve on respondent an opposition or statement of non-

1    opposition within thirty (30) days of the date the motion is filed, and respondent shall file

2    with the Court and serve on petitioner a reply within fifteen (15) days of the date any

3    opposition is filed.

4         5.  Petitioner is reminded that all communications with the Court must be served on

5    respondent by mailing a true copy of the document to respondent's counsel.

6         6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

7    Court and respondent informed of any change of address and must comply with the

8    Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this

9    action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10        7.  Upon a showing of good cause, requests for a reasonable extension of time will

11   be granted provided they are filed on or before the deadline they seek to extend.

12        8.  If respondent thinks this action should be transferred to the Central District of

13   California, he shall file within 60 days from the date of this Order a motion for transfer.

14        9.  The Clerk shall enter Edward Borla as the sole respondent in this action and

15   terminate all others.

16        10.  The Clerk shall change the Cause of Action to 28:2254 Petition for Writ of

17   Habeas Corpus (State).  The Clerk also shall change the Nature of Suit to 530 Habeas

18   Corpus (General).

19        11.  Alexander's motion for counsel and his motion for summary judgment are

20   DENIED.  (Dkt. Nos. 12 and 13.)

21        12.  The Clerk shall terminate all pending motions.

22        **IT IS SO ORDERED.**

23   **Dated:**  November 7, 2025



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California