UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN E. ALEXANDER,<br><br>            Petitioner,<br><br>        v.<br><br>BORLA,<br><br>            Respondent. | Case No. 25-cv-03668-WHO (PR)<br><br>**ORDER OF TRANSFER**<br><br>Dkt. No. 18 |

This federal habeas action is TRANSFERRED to the Central District of California, as that is the district of conviction.  28 U.S.C. §§ 84(c), 1404(a), 2241(d); Habeas L.R. 2254-3(b).  The Clerk shall transfer this action forthwith.

As grounds for federal habeas relief, Alexander claims that he has served his sentence and is entitled to release because he is owed more credits than his jailors will allow.  Habeas petitions under section 2254 nearly always should be adjudicated in the district of conviction, which, because Alexander was convicted in Los Angeles County, would be the Central District of California.  *See* Habeas L.R. 2254-3(b)(1); *Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  In the Order to Show Cause, I stated that I thought an exception to this general rule arose here because Alexander challenges the execution of his sentence, which means that the district of confinement (here, the Northern District) is the preferred forum.  (OSC, Dkt. No. 17 at 1.)  I asked respondent to file a transfer motion if he disagreed with my reasoning.  He has filed such a motion.  (Dkt. No. 18.)

Respondent's argument is as follows:

> Petitioner is challenging his state court judgment out of Los Angeles County Superior Court. Dkt. No. 11 at 1. While he contends that the California Department of Corrections has improperly limited his earning of conduct credits to the rate of fifteen percent, what he is really challenging is the sentencing court's order limiting him to that earning rate, based on its finding that he was convicted of violent felonies. *See* Dkt. No. 11 at 6-8; *see also id.* at 11-12 (superior court's denial of habeas petition explaining the substance of petitioner's claim).

(Motion to Transfer, Dkt. No. 18 at 2.) A review of respondent's citations supports a transfer. It was the Los Angeles County Superior Court where Alexander filed his 2025 habeas petition challenging the calculation of his credits. (Pet., Dkt. No. 11 at 11.) The superior court order on that petition makes it clear that the 15% credit earning limitation was imposed by the sentencing court in Los Angeles, not by Alexander's jailors. (*Id.* at 11-12.) Because he is challenging that decision, the district of conviction is the appropriate forum for his habeas petition to be heard. Accordingly, respondent's motion is GRANTED and the action is TRANSFERRED.

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** January 27, 2026



WILLIAM H. ORRICK
United States District Judge

2